IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOES 1 THROUGH 7,

    *Plaintiffs/Judgment Creditors,*

v.

THE TALIBAN, AL-QAEDA,
and THE HAQQANI NETWORK,

    *Defendants/Judgment Debtors.*

Misc Action No. 1:20-mc-00740-KPF

## NOTICE OF SERVICE

### Background

On April 30 2021, Plaintiffs, who hold an unsatisfied judgment against Defendant/Judgment Debtors (Defendants) for injuries suffered in a terrorist attack, filed an *Ex-Parte* Motion for Writs of Execution (D.E. 12), requesting that the Court issue writs directed at blocked assets belonging to the fugitive Jose Samark Lopez Bello ("Lopez Bello") and his alleged front company, Yakima Trading Corporation ("Yakima"). Plaintiffs seek to recover their judgment against the blocked assets of these alleged agencies and/or instrumentalities of the Defendants/Judgment Debtors pursuant to the unique collection provisions of the Terrorism Risk Insurance Act, "TRIA".[1] The requested writs will not result in the

---

[1] TRIA's collection provision provides:
    Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim

1

immediate execution against blocked assets, but would merely be the first step in a process to have those assets turned over.  The writs also would not result in any restraint on the assets, as the assets are already blocked.  The service of the writs on the financial institutions holding the blocked assets would perform the important function, however, of establishing the order of priority amongst competing judgment creditors (who typically file and obtain the writs *ex parte* in TRIA execution proceedings, with final determinations of the availability of the funds made later).

On May 5, 2021, this Court ordered Plaintiffs/Judgment Creditors to serve their moving papers seeking the issuance of the writs on Lopez Bello and Yakima. D.E. 12.

**Service**

Mr. Lopez Bello is an international fugitive for whom the U.S. Government offers a $5 million reward (*See* Wanted Poster and State Department Press Release, Composite Exhibit A).  At the same time, he and Yakima have affirmatively acted

---

>  based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Terrorism Risk Insurance Act of 2002, 107 P.L. 297, 116 Stat. 2322

to assert their rights before two federal courts.[2]  For these and other reasons,[3] undersigned counsel first reached out to Mr. Adam Fels, who represented Lopez Bello and Yakima in the Florida action.  After some back and forth, Mr. Fels ultimately advised counsel for Plaintiffs to confer with Mr. Jeffrey Scott, who currently represents Lopez Bello and Yakima in the New York action pending before the Honorable Lorna G. Schofield, which concerns the same assets at issue here.

On June 3, 2021, do Campo & Thornton, P.A. sent the Motion and this Court's order by electronic mail to Mr. Jeffrey Scott at *jscott@archerlaw.com*, who acknowledged receipt, but who declined to accept service.  On June 8, 2021, do Campo & Thornton, P.A. sent docket entries 9-11 by electronic mail to Mr. Scott, who again acknowledged receipt.

Undersigned continues to investigate other potential avenues for service, but believes none to be available for Mr. Lopez Bello.  Meanwhile, Mr. Scott has

---

[2] *See Stansell v. FARC, et al.*, Case No. 1:16-mc-00405 in the United States District Court for the Southern District of New York and *Stansell v. FARC, et al.*, Case No. 19-cv-20896 in the United States District Court for the Southern District of Florida.

[3] Other reasons include that
1) Lopez Bello was last seen in Venezuela, and while Venezuela is a member of the Hague Service Convention, the Venezuelan legal apparatus, which research reveals is the exclusive method for service pursuant to it, is currently not functioning.  Thus, even if he were a law abiding Venezuelan citizen instead of an international outlaw, Lopez Bello could not be formally served;
2) Lopez Bello is allied at the highest levels of the Venezuelan narco-state, which controls that Venezuelan media; and
3) At issue is service of a motion, not formal service of process of a summons and complaint.

corresponded with undersigned concerning a proposed amended complaint that would name Plaintiffs as defendants in the matter pending before the Honorable Lorna G. Schofield due to Plaintiffs' potential interest in the blocked funds. Mr. Scott has indicated opposition to the proposed amendment, which indicates to undersigned that he is actively representing his clients and thus in communication with them.

There is ample reason to conclude that Lopez Bello and Yakima have received actual notice of the instant writ proceedings, and that they can be further apprised of future proceedings by serving Mr. Scott at his e-mail address. As such, Plaintiffs respectfully request that the Court either order the writs to be issued, or order Lopez Bello and Yakima to respond to the Motion, which order can be communicated electronically.

Respectfully submitted,

**do Campo & Thornton, P.A.**
Chase Bank Building
150 S.E. 2nd Avenue, Ste. 602
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

By:   s/ *Orlando do Campo*
        Orlando do Campo
        Bar Code: OD1969
        od@dandtlaw.com

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ *Orlando do Campo*
Orlando do Campo

The Court is in receipt of Plaintiffs' request to deem Respondents Samark Jose Lopez Bello and Yakima Trading Corporation to have actual notice of the proceedings in this case through service on an attorney purportedly representing Respondents in unrelated proceedings. (Dkt. #13). Notably, that attorney has refused to accept service on behalf of Respondents in the instant case. The Court does not have the same confidence as Plaintiffs that the proffered facts "indicate[] that [counsel] is ... in communication" with Respondents, much less that there is "ample reason" for the Court to conclude that Respondents "have received actual notice of the instant writ proceedings." Additionally, given that Respondents have retained counsel and appeared in other actions in this District, the Court does not believe, on this record, that it is appropriate to waive the requirements of Federal Rules of Civil Procedure 4 and 5. Accordingly, Plaintiff's application is DENIED.

SO ORDERED.

Dated: June 15, 2021
New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE