do Campo & Thornton, P.A.                                                    ATTORNEYS AT LAW

CHASE BANK BUILDING
150 S.E. SECOND AVENUE • SUITE 602
MIAMI, FLORIDA 33131
PH 305 358 6600 • FAX 358 6601
DANDTLAW.COM

September 7, 2021

**VIA CM/ECF**
Hon. Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *John Does 1 Through 7, v. The Taliban, Al-Qaeda, and The Haqqani Network*, No. 1:20-mc-00740-KPF

Dear Judge Polk Failla:

Plaintiffs welcome any reasonable scheduling accommodation that allows the Government to determine whether it wishes to file a Statement of Interest and have any such interest considered prior to the final disposition of Plaintiffs' proposed execution.

Plaintiffs are concerned, however, that to hold up the initial process of issuing a writ while the government decides whether it will file a statement of interest prejudices Plaintiffs and is inconsistent with both the basic workings of post-judgment proceedings, and the federal regulations that give notice to the Government of those proceedings.

31 C.F.R. 501.605(a)(2) provides for notice to the Government of proceedings against persons whose property or interest in property are blocked, or when the outcome of a proceeding may affect blocked property or retained funds. Tellingly, it does not require that the Government be provided copies of papers until 10 days *after* their filing.  More timely notice is only required when a dispositive motion is to be heard or when it appears that the Court may be making a dispositive ruling.  31 C.F.R. 501.605(a)(3).  Thus, the typical process is that a properly-requested writ is issued and served, and then, *after* it has attached and established priority amongst creditors, but *before* the funds are turned over, the Government is provided notice and the opportunity to make a challenge to the proposed TRIA collection, or otherwise state its interest.

Of course, if the garnishee holds no assets that would be subject to the writ, then the writ is of no effect to start with.  But if the garnishee does hold such assets, then the garnishee is put on notice not to dispose of them until further order of the Court, and priority amongst creditors is established.

Delay prejudices Plaintiffs in two ways.  First, New York execution procedures, like virtually all jurisdictions, recognize temporal priority.  Should another judgment debtor serve a writ of execution concerning these assets, it will take priority over Plaintiffs' writ.  Secondly, all

indications are that the funds at issue are currently frozen pursuant to the Taliban's designation made pursuant to the International Emergency Economic Powers Act ("IEEPA") (50 U.S.C. 1701 *et seq*.). Today, the Plaintiffs have a substantive right to execute against those assets, should the final determination be that the requirements of TRIA are satisfied, of course. The party asking for delay has the power to change the facts on the ground, *i.e.* to change the basis for the freeze, or to remove it altogether. For both of these reasons, respectfully, the writ should be considered by the Court first, and any scheduling accommodation to afford the Government to consider whether to file a Statement of Interest should only apply to the final consideration of this matter, and not hold up the issuance of a writ. (Counsel for Plaintiffs note that in their experience, the Government has filed a statement of interest well after a writ has attached, and had that interest considered fully with no prejudice whatsoever).

Thus the Plaintiffs respectfully request that the Court modify its order granting the Government's request so as to apply to the proceedings subsequent to the consideration of the requested writ. Plaintiffs consulted with the Government prior to filing this letter motion, but were unable to reach agreement with the Government concerning it.

Sincerely,

Orlando do Campo
Counsel for Plaintiffs
Bar Code: OD1969