UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOES 1 THROUGH 7,

                       Plaintiffs,

           v.

THE TALIBAN, AL-QAEDA, and THE HAQQANI NETWORK,

                       Defendants.

Misc Action No. 1:20-mc-00740-KPF



**STIPULATION AND ORDER FOR THE PROTECTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION PRODUCED
BY NON-PARTY FEDERAL RESERVE BANK OF NEW YORK**

    **WHEREAS**, Plaintiffs have obtained a judgment against defendants in the above-captioned action, and those judgments have not been fully satisfied;

    **WHEREAS,** in furtherance of satisfying those judgments, Plaintiffs issued a Subpoena on the Federal Reserve Bank of New York (the "New York Fed") on or about August 27, 2021 (the "Information Subpoena");

    **WHEREAS,** the New York Fed represents that it acts as the international operating arm for the United States Federal Reserve System (the nation's central bank), and, as such, maintains accounts for, *inter alia*, foreign governments, central banks, and monetary authorities;

    **WHEREAS,** the New York Fed represents that it treats its customers' account information as confidential;

    **WHEREAS,** the Information Subpoena seeks from the New York Fed information that contains confidential customer account information;

**NOW, THEREFORE,** the Plaintiffs and the New York Fed, through their respective counsel, hereby agree as follows:

1. This Stipulation and Order for the Protection and Exchange of Confidential Information (the "Protective Order") shall govern the handling of confidential information provided by the New York Fed to Plaintiffs in response to discovery requests in these actions, including the Information Subpoena and any other discovery requests (collectively, the "Confidential Information").

2. Any Confidential Information shall be designated as such by the New York Fed by stamping or otherwise clearly marking it as "Confidential."

3. Plaintiffs shall not disclose any Confidential Information to any party or third-party who is not a signatory to this Protective Order, except as provided for herein, and shall safeguard such Confidential Information so as to avoid its disclosure to persons who are not entitled to see such information under the terms of this Protective Order.  Confidential Information may be disclosed to the defendants in the above-captioned actions, provided that the defendants, through their counsel, sign on to this Protective Order and agree to be bound by its terms.  Notwithstanding the foregoing, nothing herein shall prohibit Plaintiffs from filing Confidential Information under seal in the matter as provided herein, provided, however, that service copies provided to defendants shall redact Confidential Information in its entirety and that Confidential Information filed under seal is available only to Parties that have signed on to this Protective Order and agree to be bound by its terms.

4. Any signatory to this Protective Order may use Confidential Information only in connection with the conduct of the above-captioned actions and for no other purpose.

5. Confidential Information that is used in connection with any court filings must be filed under seal, with each page containing such information clearly labeled "CONFIDENTIAL – FILED UNDER SEAL."

6. After the conclusion of the above-captioned actions, this Protective Order shall continue to be binding upon the signatories thereto, and upon all persons to whom Confidential Information has been disclosed or communicated.

7. At the request of the New York Fed, all Confidential Information and all copies thereof shall be destroyed, and certified to the New York Fed as having been destroyed, or returned to counsel for the new York Fed, within thirty (30) days after the conclusion of the above-captioned actions, including appeals; provided, however, that counsel for each party may maintain in its files pleadings, briefs and other documents filed with the Court that contain or constitute Confidential Information, and such briefs and other papers shall remain subject to the terms and conditions of this Protective Order.

8. Nothing in this Protective Order shall be construed to prohibit a party from producing Confidential Information in its possession pursuant to a subpoena, order or other official request issued by any court, provided that the party in possession of such Confidential Information, if subpoenaed, shall (i) give the New York Fed notice of such subpoena, order or request promptly in writing or by telephone; (ii) furnish the New York Fed with a copy of all written materials pertaining to such subpoena, order or request; and (iii) give the New York Fed sufficient advance notice of any intended disclosure so that the New York Fed may, if necessary or appropriate, raise objections to the intended disclosure.  The producing party shall not produce any of the Confidential Information for a period of at least five business days after providing the

required notice to the New York Fed, unless the subpoena, order or request requires production on an earlier date.

Dated: New York, New York
September 10, 2021

| s/ *Orlando do Campo* | /s/ Katherine Landy |
|---|---|
| Orlando do Campo | Katherine Steele Landy |
| do Campo & Thornton, P.A. | Federal Reserve Bank of New York |
| 150 SE 2nd Avenue Suite 602 | 33 Liberty Street |
| Miami, FL 33131 | New York, BY 10045 |
| (305) 358-6600 | (212) 720-5331 |
| Counsel for Plaintiffs | Counsel for Non-Party Federal Reserve Bank of New York |

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The Court
will retain jurisdiction over the terms and conditions of this agreement
only for the pendency of this litigation.  Any party wishing to make
redacted or sealed submissions shall comply with Rule 6(A) of this
Court's Individual Rules of Civil Procedure.

Date:      September 13, 2021          SO ORDERED.
           New York, New York
```

*[Signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

4