**do Campo & Thornton, P.A.**  ATTORNEYS AT LAW

CHASE BANK BUILDING
150 S.E. SECOND AVENUE • SUITE 602
MIAMI, FLORIDA 33131
PH 305 358 6600 • FAX 358 6601
DANDTLAW.COM

September 21, 2021

<u>VIA CM/ECF</u>
Hon. Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



Re: *John Does 1 Through 7, v. The Taliban, Al-Qaeda, and The Haqqani Network*, No. 1:20-mc-00740-KPF

Dear Judge Polk Failla:

On September 16, 2021, in *Havlish et al. v. Bin Laden, et al.*, Case No. 03 Civ. 9848 in the United States District Court for the Southern District of New York, in which the plaintiffs likewise hold a judgment against the Taliban, the Government filed a request that the Honorable George B. Daniels and the Honorable Sarah Netburn defer judicial enforcement of a writ served in that matter so that it might consider filing a Statement of Interest. *See* letter motion dated September 16, 2021 attached here as Exhibit A.

The Government states in that letter motion that "**on September 13, 2021**, the plaintiffs … served a Writ of Execution on the Federal Reserve Bank of New York, seeking execution of a judgment for $7,045,632,402.79" against assets of Da Afghanistan Bank (emphasis added). The Government's request in that matter is being made *after* the writ had been served.

To remind the Court, on August 26, 2021, Plaintiffs in this matter filed the Emergency Motion for Writ of Execution (D.E. 15) directed to the same garnishee and the same assets. And, on September 7, 2021, Plaintiffs filed a motion to expedite the ruling, arguing that the government's potential Statement of Interest could and should be considered *after* the writ had attached, and that delay in issuing the writ would prejudice Plaintiffs by, *inter alia*, giving other judgment creditors the opportunity to serve a writ concerning these same assets first.

Sincerely,

Orlando do Campo
Counsel for Plaintiffs
Bar Code: OD1969

The Court is in receipt of Plaintiffs' correspondence of September 21, 2021, alerting the Court to the sequence of events in the analogous proceeding, *Havlish et al.* v. *Bin Laden et al.*, No. 03 Civ. 9848. (Dkt. #25).  Although not expressly labeled as such, the Court reads Plaintiff's correspondence as seeking reconsideration of the Court's denial of Plaintiff's request to expedite the issuance of their requested writ of execution. (Dkt. #21).

After review of Plaintiff's submissions and the comparable procedural posture of *Havlish*, the Court will permit service of Plaintiff's requested writ of execution, but DENIES Plaintiff's request that the Court endorse the proposed order appended to their moving papers directing the Clerk of Court to enter Plaintiff's writ of execution as previously filed.  (*See* Dkt. #15).

Per the Clerk of Court, the proper process for issuance of a writ of execution against property in this District is to send a physical copy of the writ of execution, complete with an original (*i.e.*, not electronic) signature directly to the Orders and Judgments Clerk either via hand delivery or a self-addressed, stamped return envelope. In order to seek their requested relief, Plaintiffs must submit the documents in accordance with these established procedures.

The Court emphasizes that it has no intention to thwart any argument that the Government intends to make in a potential Statement of Intent.  For avoidance of doubt, this endorsement does not alter the Court's October 14, 2021 deadline for the Government to file a letter of intent regarding a possible Statement of Interest in this matter. (Dkt. #19).  As such, the Court STAYS any judicial enforcement of Plaintiff's writ of execution upon its issuance.  This stay will remain in effect pending further order of the Court.

The Clerk of Court is directed to terminate the pending motions at docket entries 15 and 16.

Date:    September 23, 2021          SO ORDERED.
         New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE