**do Campo & Thornton, P.A.**                                                   ATTORNEYS AT LAW

CHASE BANK BUILDING
150 S.E. SECOND AVENUE • SUITE 602
MIAMI, FLORIDA 33131
PH 305 358 6600 • FAX 358 6601
DANDTLAW.COM

October 22, 2021

**VIA CM/ECF**
Hon. Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      *Re: John Does 1 Through 7, v. The Taliban, Al-Qaeda, and The Haqqani Network*, No.
      1:20-mc-00740-KPF

Dear Judge Polk Failla:

Plaintiffs respectfully request an informal conference to discuss discovery disputes. This Motion is filed pursuant to Rule 3(C) of Your Honor's Individual Rules of Practice.

On September 20, 2021, Plaintiffs served a straightforward, targeted, and limited subpoena on the Federal Reserve Bank of New York (the "Fed") for the production of three types of documents that have a direct bearing on legal and factual issues at the core of Plaintiffs' efforts to enforce their judgment against the Taliban:

    1) the procedures that the Fed invoked in suspending transfers from the accounts at issue on August 16, 2021;
    2) the communications, including external communications it received, that precipitated the decision to do so; and
    3) the documents that it relied on in doing so.

The Fed objected generally to Plaintiffs' request for responsive documents on October 4, 2021 that: 1) the subpoena exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure; 2) it seeks information that is not relevant to the claims or defenses in these proceedings or are proportional to the needs of the case; 3) it seeks information about accounts or assets held by entities other than the Judgment Debtors; 4) it is vague, ambiguous, overly broad and unduly burdensome; and 5) it seeks information that is subject to any applicable privilege or immunity, including but not limited to the attorney-client privilege or the deliberative process privilege. The Fed's specific objections essentially repeated these same objections for each request.  The Fed provided no privilege log despite invoking privilege.  The Fed produced nothing in response to the subpoena.

Given the relevancy of the materials Plaintiffs seek in the Subpoena, the clear need for production of these materials, and the boilerplate objections made by the Fed, Plaintiffs respectfully request an informal conference.

Federal Rule of Civil Procedure 34, which governs document request responses, was revised in late 2015 to require that responses now state with specificity the ground for objecting and state whether any responsive materials are being withheld on the basis of that objection. Federal Rule of Civil Procedure 34(b)(2)(B)-(C) states:

> (B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state **with specificity the grounds for objecting** to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
>
> (C) *Objections.* **An objection must state whether any responsive materials are being withheld on the basis of that objection.** An objection to part of a request must specify the part and permit inspection of the rest.

(emphasis added). Courts since have begun to apply this amended language to disallow attorneys from relying on boilerplate objections and production without adequate explanation. *Fischer v. Forrest*, Nos. 14-1304, 14-1307, 2017 U.S. Dist. LEXIS 28102, at *2 (S.D.N.Y. Feb. 28, 2017). The *Fischer* court concluded by noting that attorneys have had ample time since the Rule 34 amendment to update their response practices, and warning that from that point on, "any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)." *Id.*

Federal Rule of Civil Procedure 26(b)(5), requires a party to provide a list (better known as a privilege log) of the information being withheld from a discovery production as privileged. Fed. R. Civ. P. 26(b)(5) states:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) **describe the nature of the documents, communications, or tangible things not produced or disclosed**—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(emphasis added).

Here, the Fed has violated Fed. R. Civ. P. 34(b)(2)(B) and (C)'s, as well as Fed. R. Civ. P. 26(b)(5)'s, document identification requirement when claiming privilege. First, by incorporating all of its general objections into each response, the Fed violated Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are being withheld on the basis of an objection.

Second, to the extent the Fed objects on the grounds that Plaintiffs' requests are "overly broad and unduly burdensome", it fails to articulate why they are overly broad and/or unduly burdensome. *Fisher v. Forrest*, No. 1:2014-cv-01304- DE 151 (S.D.N.Y. 2017) ("[g]eneral objections should rarely be used after December 1, 2015 unless each such objection applies to each document request."). Finally, the Fed objected on grounds of attorney-client privilege and deliberative process privilege but failed to describe the nature of the documents not produced or disclosed in contravention of Fed. R. Civ. P. 26(b)(5).

Plaintiffs met and conferred with counsel for the Fed on October 19, 2021, but were unable to reach an agreement. Thus, Plaintiffs respectfully request an informal conference.

                                        Sincerely,

                                        Orlando do Campo
                                        Counsel for Plaintiffs
                                        Bar Code: OD1969