# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

October 25, 2021

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *John Does 1 Through 7 v. The Taliban et al., No. 20 Misc. 740 (KPF)*

Dear Judge Failla:

    We represent the Federal Reserve Bank of New York ("New York Fed"), an operating arm of the nation's central bank.  The New York Fed, a non-party to this action, submits this letter in response to a letter filed by Plaintiffs on October 22, 2021 prematurely requesting a conference to discuss their discovery demands concerning accounts held for another non-party, Da Afghanistan Bank ("DAB"), ECF No. 33.

    Plaintiffs have a judgment against the Taliban, Al-Qaeda and The Haqqani Network, not DAB, but seek discovery in an effort to attach DAB assets to satisfy that judgment.  This effort raises complex legal issues that must be resolved before Plaintiffs' discovery demands are addressed.  The United States indicated in its August 30, 2021 letter to the Court, ECF No. 18, that Plaintiffs' motion for a writ of execution "may raise issues relating to the status and attachability of the funds identified in [Plaintiffs'] Motion that may implicate the interests of the United States."  The Court has granted the United States until December 3, 2021 to file its Statement of Interest reflecting its views, ECF No. 32.  The New York Fed respectfully requests that the Court defer a discovery conference in this matter until after the Government submits its filing.

    The New York Fed holds accounts for DAB, but does not hold any accounts in the name of any of the judgment debtors in this matter.  The New York Fed has responded to two subpoenas from Plaintiffs in this action.  In response to the first subpoena issued on August 27, 2021, the New York Fed provided detailed information relating to DAB accounts held at the New York Fed.  The New York Fed also informed Plaintiffs that it had suspended all outgoing transfers from DAB accounts in accordance with its own procedures.

    Plaintiffs then issued a second subpoena to the New York Fed on September 21, 2021 seeking broad discovery about the New York Fed itself.  This subpoena requested information on:

FEDERAL RESERVE BANK *of* NEW YORK

October 25, 2021
2

- Any and all documents setting forth the procedures that you invoked to suspend the outgoing transfers from DAB accounts on August 16, 2021, as stated on your September 15, 2021 subpoena response.

- Any and all communications whether internal or external, that precipitated, caused or triggered the Federal Reserve Bank of New York to suspend outgoing transfers from DAB accounts on August 16, 2021.

- Any and all documents, writings or papers, that the Federal Reserve Bank of New York reviewed and relied on in deciding to suspend outgoing transfers from DAB accounts on August 16, 2021.

These requests exceed the scope of discovery permitted under Rule 69 and are neither straightforward, targeted nor limited as Plaintiffs represent in their letter to the Court. The New York Fed responded with particularity to each request, indicating for each request that the requested documents are not relevant to any legal basis for the collection of the judgment in this matter. "Although discovery in aid of enforcement is 'broad,' the rules do not provide judgment creditors with unfettered license to go on a 'fishing expedition,' subpoenaing non-parties just to see what might turn up." *Phoenix Bulk Carriers (BVI), Ltd. v. Triorient, LLC*, No. 20-CV-0936 (JGK)(RWL), 2021 WL 621226, at *3 (S.D.N.Y. Feb. 17, 2021) (internal citation omitted). Instead, "post-judgment discovery must be 'calculated to assist in collecting on a judgment.'" *Allstate Insurance Co. v. Mirvis*, No. 08-CV-4405 (SLT)(PK), 2017 WL 10398552, at *1 (E.D.N.Y. Jan. 25, 2017) (*quoting EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). "Whether to limit Rule 69 post-judgment discovery remains within the discretion of the district court pursuant to its powers under Federal Rule of Civil Procedure 26(b)(2)." *Allstate Insurance*, 2017 WL 10398552, at *1 (citing *EM Ltd.*, 695 F.3d at 207).

Plaintiffs and the New York Fed held a meet and confer teleconference on October 19, 2021. During that meet and confer teleconference, the New York Fed offered to review and consider any case law Plaintiffs may be able to provide to support the extensive third-party discovery sought in their September 21, 2021 subpoena. No such case law was provided. Plaintiffs responded the next day with a draft letter to the Court for the New York Fed's review, similar or identical to what was filed on October 22, 2021 and asked for the New York Fed's response by October 21. On October 21, counsel for the New York Fed responded via e-mail to Plaintiffs' counsel indicating that discussions should continue, and offered to consult with their client and revert to Plaintiffs' counsel early this week. The New York Fed also offered to consider suggestions on how to narrow the subpoena to what is relevant for the judgment attachment motion. Instead of continuing discussions, Plaintiffs filed a letter requesting a conference without any further communication or notice to the New York Fed.

**FEDERAL RESERVE BANK *of* NEW YORK**

October 25, 2021
3

During the meet and confer teleconference, Plaintiffs indicated to the New York Fed that they are seeking communications or other materials from the New York Fed reflecting the United States Government's view.  The New York Fed informed Plaintiffs that a subpoena seeking the United States Government's view is appropriately directed to the United States Government.

Furthermore, even if third-party discovery were to be permitted into the New York Fed's procedures, communications, and documents relating to DAB, the discovery sought by Plaintiffs is not targeted to seek relevant information.  Plaintiffs' extensive document requests seek production of substantial New York Fed materials that are not relevant to any legal basis for the collection of the judgment in this matter.  The New York Fed's suggestion to consider narrowing the subpoena was rebuffed.

For the foregoing reasons, the New York Fed respectfully requests that the Court defer any discovery conference in this matter, as it has stayed enforcement of Plaintiffs' writ of execution, until the United States Government submits its Statement of Interest on the issues that go to the heart of Plaintiffs' discovery requests.  All outgoing transfers from DAB accounts held at the New York Fed are currently suspended so there is no prejudice to Plaintiffs.

Respectfully submitted,

/s/ Yoon Hi Greene
Yoon Hi Greene
Deputy General Counsel


/s/ Katherine Steele Landy
Katherine Steele Landy
Associate General Counsel


cc:   Orlando do Campo