UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN DOES 1 THROUGH 7,                                   :
                                                         :
Plaintiffs,                                              :
                                                         :
- against -                                              : No. 20 Misc. 740 (GBD)
                                                         :
THE TALIBAN *et al.*,                                    :
                                                         :
Defendants.                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                         :
IN RE: TERRORIST ATTACKS ON                              : No. 03 MD 1570 (GBD) (SN)
SEPTEMBER 11, 2001                                       :
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FIONA HAVLISH *et al.*,                                  :
                                                         :
Plaintiffs,                                              :
                                                         :
- against -                                              : No. 03 Civ. 9848 (GBD) (SN)
                                                         :
SHEIKH USAMAH BIN-MUHAMMED                               :
BIN-LADEN, a.k.a. OSAMA BIN-LADEN *et al.,*              :
                                                         :
Defendants.                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF MOTION TO INTERVENE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, 157 U.S. Government employees killed or injured in the August 7, 1998, Al Qaeda bombings of the U.S. Embassies in Nairobi, Kenya, and Dar-es-Salaam, Tanzania, their family members, and the personal representatives of their estates, (the "Intervenors"), move to intervene as Plaintiffs in the above-referenced matter for the purpose of defending an interest in the funds of the foreign state of Afghanistan and the Central Bank of Afghanistan (Da Afghanistan Bank, "DAB") that are currently blocked and maintained by Executive Order in a consolidated account held at the Federal Reserve Bank of New York ("Afghan funds"). Milly Amduso, Winfred Wamai, Mary Onsongo, and

1

Monicah Opati are the lead plaintiffs from the following lawsuits: *Amduso v. Republic of Sudan*, Civil Action No. 08-1361, (D.D.C.); *Wamai v. Republic of Sudan*, Civil Action No. 08-1349, (D.D.C.); *Onsongo v. Republic of Sudan*, Civil Action No. 08-1380, (D.D.C.); *Opati v. Republic of Sudan*, Civil Action No. 12-1224, (D.D.C.).  All plaintiffs in those lawsuits obtained final judgments, are listed in the final orders awarding damages attached as Appendix A to the Intervenor Complaint, and file as Intervenors to this action.  These victims were killed or injured by the same apparatus of terrorism—Osama Bin Laden's Al Qaeda network which was safely harbored by the Taliban government of Afghanistan at the time of the 1998 attack—as the current Plaintiffs in this action.

Intervenors have the same connection and interest in the Afghan funds as do Plaintiffs in this case.  Plaintiffs do not hold judgment against the Afghan funds, the Afghanistan Central Bank, or the foreign state of Afghanistan.  The current Plaintiffs sought and obtained a default judgment against the Taliban as a "non-sovereign defendant."[1]   Against the Taliban, the Plaintiffs did not proceed under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* (FSIA), which imposes specific and unique restrictions and requirements concerning invocation of the Court's jurisdiction, service of a complaint and any resulting judgment, and burden of proof necessary to obtain a default judgment.  Additionally, the FSIA prohibits all judgment creditors from attachment and execution upon the property or funds of a foreign state where the subject "property is that of a foreign central bank or monetary authority held for its own account." 28 U.S.C. § 1611(b)(1).  Finally, the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA") offers no support for the current Plaintiffs.  TRIA does not authorize and support judgment execution against the blocked assets of the Central Bank of Afghanistan and

---

[1] Memorandum Decision and Order, No. 03-cv-09848 (GBD), Dkt. #316, at 1 (Oct. 3, 2012).

the foreign state of Afghanistan because the foreign state of Afghan and its central bank have never been a "terrorist party" within of the meaning of TRIA, § 201(d)(4).

Plaintiffs' purported justification for their seizure of the Afghan funds lies in their injuries caused by Al Qaeda, which the then-government of Afghanistan sheltered and provided with safe harbor prior to, and at the time of, the September 2001 attacks.  Intervenors have the same claim—if the Court determines that the current plaintiffs have a right to the Afghan funds, then so do Intervenors.  Intervenors therefore seek a declaration from the Court.  In view of the fact that neither Plaintiffs nor Intervenors have an explicit right to the Afghan funds, the distribution of the Afghan funds, if any, should be to all victims of state-sponsored terrorism holding valid final judgments via the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund").[2]  As set forth in the accompanying Memorandum in Support, these victims and their family members are entitled to intervene as a matter of right under Rule 24(a).  In the alternative, they meet the standard for permissive intervention under Rule 24(b).

A copy of the Intervenors' Complaint in Intervention is attached hereto as Exhibit 1. The Intervenors seek to assert claims nearly identical to those asserted by the Plaintiffs, and that arise out of an earlier terrorism attack launched and supported by the same Defendants in these proceedings.  Plaintiffs will not be prejudiced by the intervention of these Intervenors, who are simply additional victims of Defendants' same terrorist conduct.  Furthermore, Defendants will not be prejudiced by the Court's decisions regarding the disposition of the Afghan funds.

For these reasons, Intervenors respectfully request that the Court allow them to intervene in this matter.

---

[2] *See generally,* http://www.usvsst.com/

Respectfully submitted,

Dated:  February 16, 2022

*Adam Drexler*

Harry Rothenberg (HR 6795)
Adam Drexler (AMD 7743)
Nancy Guy Armstrong Miller                     The Rothenberg Law Firm LLP
David Dickens                                  450 7th Avenue, 44th Floor
The Miller Firm, LLC                           New York, New York 10123
108 Railroad Avenue                            (212) 563-0100
Orange, VA 22960                               harry@injurylawyer.com, adrexler@injurylawyer.com
(540) 672-4224

                                               Steven R. Perles
Gavriel Mairone                                Perles Law Firm, P.C.
MM-Law LLC                                      816 Connecticut Avenue, N.W., 12th Floor
980 North Michigan Avenue, Suite 1400          Washington, DC 20006
Chicago, IL 60611                               (202) 955-9055
(312) 253-7444


William Wheeler                                John Arthur Eaves, Jr.
Wheeler & Franks Law Firm, P.C.                Eaves Law Firm, LLC
114 S. Broadway                                101 North State Street
Tupelo, MS 38804                               Jackson, MS 39201
(662) 636-6055                                 (601) 355-7961