UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOES 1 THROUGH 7, <br><br> *Doe Creditors,* <br><br> v. <br><br> THE TALIBAN, AL-QAEDA, and THE HAQQANI NETWORK, <br><br> *Defendants.* | Misc Action No. 1:20-mc-00740-KPF |

### DOE CREDITORS' MEMORANDUM OF LAW IN SUPPORT OF THE UNOPPOSED MOTION TO LIFT STAY OF JUDICIAL ENFORCEMENT OF WRIT OF EXECUTION

Judgment Creditors John Does 1 through 7 (the "Doe Creditors"), by and through undersigned counsel, respectfully submit this memorandum of law in support of their Unopposed Motion to Lift the Stay of Judicial Enforcement of Writ of Execution.

1. On August 26, 2021, Doe Creditors in this matter filed an Emergency Motion for Writ of Execution seeking to execute against the blocked assets of the Taliban's agency and instrumentality, Da Afghanistan Bank, being held at the Federal Reserve Bank of New York. DE 15.

2. On September 21, 2021, this Court permitted service of Doe Creditors' requested Writ of Execution.  DE 26.  By the same order, this Court stayed any judicial enforcement of Doe Creditors' Writ of Execution pending further order of the Court, in order to give time for the Government to file a letter of intent regarding a possible Statement of Interest by October 14, 2021. *Id.*

3. On October 14, 2021, November 30, 2021, and January 27, 2022 the Government filed letter motions requesting extensions of time to file its Statement of Interest. DE 29, DE 42, DE 47. This Court granted each of the Government's requests. DE 31, DE 44, DE 48.

4. On February 11, 2022, the Government filed its Statement of Interest, stating, among other things, that "[t]he Court should afford the Judgment Plaintiffs a full opportunity—in keeping with the statutory framework Congress enacted in TRIA—to make submissions addressing the legal requirements of TRIA and setting forth their arguments regarding the attachability of [ ] unlicensed DAB assets." DE 49 at p. 5.

5. The filing of the Government's Statement of Interest removes any reason for the stay to remain in place. *See, e.g., Commodities & Mins. Enter. LTD v. CVG Ferrominera Orinoco, C.A.*, 423 F. Supp. 3d 50, 50 (S.D.N.Y. 2019) ("[T]he Court's reasons for granting the stay [were] resolved and there [were] no other reasons for continuing the stay); *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) ("When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay sua sponte or upon motion.").

6. On February 14, 2022, Doe Creditors conferred with the Government and the Government does not oppose lifting the stay of post-judgment proceedings, subject to the views laid out in the Government's Statement of Interest.

7. The Doe and Havlish Creditors will shortly file a motion to consolidate the adjudication of their respective writs of execution.  The Government has prior stated that "the United States would not object to the transfer to one judge of the portions of these matters dealing specifically with plaintiffs' writs of execution on the DAB accounts at FRBNY." DE 32 at 2.

For the foregoing reasons, the Court should grant the Doe Creditors' Unopposed Motion to Lift the Stay of Judicial Enforcement of Writ of Execution.

Respectfully submitted,

**do Campo & Thornton, P.A.**
Chase Bank Building
150 S.E. 2nd Avenue, Ste. 602
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

By:    s/ *Orlando do Campo*
           Orlando do Campo
           Bar Code: OD1969
           od@dandtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 15, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

           s/ *Orlando do Campo*
               Orlando do Campo