UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOES 1 THROUGH 7, | |
| *Judgment Creditors,* | |
| v. | |
| THE TALIBAN, AL-QAEDA, and THE HAQQANI NETWORK, | Misc Action No. 1:20-mc-00740-GBD |
| *Judgment Debtors,* | |
| and | |
| THE FEDERAL RESERVE BANK OF NEW YORK, | |
| *Garnishee.* | |

**MEMORANDUM OF LAW IN SUPPORT OF THE DOE CREDITORS' MOTION FOR AN ORDER DIRECTING ALTERNATIVE SERVICE UPON THE TALIBAN**

John Does 1-7 (the "Doe Creditors"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their Motion for an Order Directing Alternative Service Upon the Taliban.

**I.    Introduction**

The Doe Creditors have filed a motion for an order compelling the Federal Reserve Bank of New York ("FRBNY") to turnover to them a portion of the assets of Da Afghanistan Bank ("DAB") in its possession ("the Turnover Motion"). The Doe Creditors recognize that service by publication is a more than adequate alternative, but request that the Court keep open the option of less onerous service, or, if it orders publication, order a single publication after 21 days to allow

Doe Creditors to achieve notice through more efficient and direct means.

## II.    Legal Standard

### A.  Rule 69 Mandates State Procedure for Execution

Federal Rule of Civil Procedure 69 provides that one looks to the applicable state law for

method of execution unless federal law provides for it. It states:

> … The procedure on execution—and in proceedings supplementary to and in aid
> of judgment or execution—must accord with the procedure of the state where the
> court is located, but a federal statute governs to the extent it applies.

FRCP 69(a).

### B.  New York State Procedure Dictates Notice in the Manner of a Summons, or by Certified Mail

New York law provides for notice in execution proceedings as follows:

> Notice of the proceeding shall also be served upon the judgment debtor in the same
> manner as a summons or by registered or certified mail, return receipt requested.

N.Y.C.P.L.R § Section 5225(b).[1]

## III.    Argument

### A.    The Mandated Service Methods are not Feasible

Here, neither service in the manner of a summons, nor by certified mail, are possible. *See*

Declaration of Daniela Jaramillo in Support of the Doe Creditors' Motion for An Order Directing

Alternative Service on the Taliban; *see also* Memorandum of Law in Support of Their Motion for

an Order Directing Alternative Service Upon the Taliban filed contemporaneously herewith by the

Havlish Creditors (the "Havlish Service Memorandum"). Doe Creditors adopt the Havlish

Creditors' arguments and evidence in support of the fact that service according to New York

---

[1] Doe Creditors see no authority in law for the application of Rule 4, Federal Rules of Civil
Procedure, concerning "Summons", to notice in New York State execution proceedings.

procedures are not possible, and in support of the proposed recommendation for service by publication as a more than adequate alternative.

**B. The Court Should Authorize Alternative Service as Similar as Possible to Section 5225(b)**

Because notice is required by state law execution provisions, but the notice methods in those provisions cannot be employed, the Court should not simply forgive the creditors from the obligation, but rather should direct that they provide notice through an alternative method. *See* Dkt. 162, Order, dated Nov. 20, 2013, in *Doe v. ELN*, *et al*., Case No. 10-cv-21517 in the United States District Court for the Southern District of Florida, attached hereto as Exhibit B (not forgiving TRIA creditor from obligation to provide notice of execution proceedings to defendant, but permitting service by e-mail).

**C. Publication is a More than Adequate Alternative Notice Procedure, But Others May Be More Practical and Effective, and May More Closely Hew to N.Y. C.P.L.R § 5225(b)**

A review of service provisions in state and federal law reveals that service by publication is a more than adequate alternative to the requirement that notice be served in a matter of a summons, or by mailing by certified or registered mail. It is commended by the fact that it comports with many state and federal service provisions, as is well established in the Havlish Memorandum. Rather than repeat those arguments, Doe Creditors adopt them. In adopting the arguments commending service by publication, however, Doe Creditors do not believe it is the most appropriate alternative, and further do not believe that any specific requirements of the state or federal service provisions must be satisfied. The Havlish creditors' proposal, hewing to those requirements, respectfully, is unduly burdensome.

Indeed, service by publication is not the only alternative, or even the one that most closely approximates the notice requirements of the relevant statutory provision, N.Y. C.P.LR § 5225(b).

That provision, revealingly, allows for notice that is minimally burdensome for the judgment creditor, and that is individually directed to the defendant—the opposite of extensive publication. Thus, Doe Creditors respectfully request that the Court remain open to other methods, should they become known to Doe Creditors. Ongoing research may reveal a direct line of communication that is more likely to give the same type of pinpointed notice to the Taliban that § 5225(b) envisions, and that more approximates the certified mail. A conduit through e-mail, as was approved in *Doe v. ELN, supra,* or other electronic service, may be uncovered. There is ample evidence of online Taliban presence. *See e.g. Taliban Website: Taliban launched 6 official websites of Islamic Emirate, said—will get every update* https://hindustannewshub.com/world-news/taliban-website-taliban-launched-6-official-websites-of-islamic-emirate-said-will-get-every-update/. The senior leaders are on Twitter. *See* Zabihullah Twitter account, @Zabehulah_M33;[2] *see also*, Dr. M Naeem, @leaOffice;[3] Qari Yousaf Ahmadi Twitter account, @QyAhmadi21;[4] Suhail Shaheen Twitter account, @suhailshaheen1.[5] (In today's world, even the most vital information is communicated directly over Twitter.) As the Havlish Service Memorandum points out, Twitter service is an acceptable form of alternative service. *See* Mem. Endorsed Order, *Democratic Nat'l Comm. v. Russian Federation*, No. 18-cv-03501 (S.D.N.Y. Aug. 6, 2018), ECF No. 156 (approving service by Twitter against organization that disseminated leaked information through Twitter); *St. Francis Assisi v. Kuwait Fin. House*, No. 16-cv-3240, 2016 WL 5725002, at *1 (N.D. Cal. Sept.

---

[2] Official Twitter account of the spokesman of the Islamic Emirate of Afghanistan, Zabihullah Mujahid, with over 525 thousand followers as of March 19, 2022.
[3] Official Twitter account of the spokesman of the political office of the Islamic Emirate of Afghanistan, with over 343 thousand followers as of March 19, 2022.
[4] Official Twitter account of the spokesman of the Islamic Emirate of Afghanistan, Qari Yousaf Ahmadi, with over 115 thousand followers as of March 19, 2022.
[5] Official Twitter account of the official spokesperson of the Islamic Emirate of Afghanistan at the Qatar office, Suhail Shaheen, with over 594 thousand followers as of March 19, 2022.

30, 2016) (approving service through Twitter where the defendant had used Twitter to raise funds for terrorist organizations).

The Court should consider that Doe Creditors have already served the Taliban by publication once in this action. The Taliban defaulted. Given that, there is no federal requirement of service upon the Taliban of any further papers in this matter. *See* Fed. R. Civ P. 5 ("*If a Party Fails to Appear.* No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."). The only provision of law that need be satisfied here for the Taliban is N.Y. C.P.L.R § Section 5225(b), and it could be satisfied by a mere mailing.

The Court should also consider that the Taliban itself has caused these conditions—Doe Creditors cannot simply mail their motion papers to them, or serve them through normal channels, because the Taliban took over the country and shut down the mail and international service. They bombed Doe Creditors in their efforts to take over Afghanistan; it adds insult to injury to use the chaos they created to make Doe Creditors expend more resources than minimally necessary to give them notice. This is especially true because the billions of dollars in assets at issue have been frozen since August. The Taliban know they don't have access to these billions, know the course of these proceedings, and have been complaining in the press. *See* Havlish Service Memorandum and cites therein. Yet they have made no application to be removed from OFAC's SDN list, or made any legal application to have these assets released to them, as any normal entity would do. They have been denied access to billions of dollars, and have done nothing about it. This is the context in which the form of notice to them should be considered. Doe Creditors pray the Court keeps this situation it in mind.

**D. Should the Court Order Publication, It Should Order Something Less Burdensome Than the Havlish Proposal**

The requirements of other provisions of law, such as N.Y. C.P.L.R. § 316(a)'s requirements of publication for four consecutive weeks, are unnecessary and overburdensome in this situation. That provision concerned service of initiating process, which carries a far more onerous burden than the mere service of notice of execution proceedings to an already served defendant in an action. Indeed, New York law recognizes that the notice to a defendant in execution proceedings is a much less significant event than is original service of process, as is reflected in Section 5225(b)'s requirement of mere mailing. To satisfy Section 316 is both unnecessarily expensive for Doe Creditors, who number seven, and time-consuming. Further, the three-paper proposal is just too much. Doe Creditors respectfully suggest that if service be by publication, that it be in one of the papers, one time. That is more than sufficient to satisfy the statutory notice requirement, which is all that is required here.

**E.  Service on Da Afghanistan Bank**

The Doe Creditors have already effectuated service of their Turnover Motion on DAB via personal service on Dr. Shah Mehrabi, a U.S.-based member of DAB's Supreme Council, the Bank's highest decision-making and policy-making body. *See Doe* Dkt. 84 (affidavit of service).[6] By serving DAB in the same manner as a summons, Doe Creditors satisfied NYCPR 5225(b) and Constitutional prerogatives of notice and an opportunity to be heard. Doe Creditors adopt Havlish Creditors' arguments concerning the impact this service would have on any other requirements under the law.

---

[6] Accompanying the motion papers was a cover letter making clear to Dr. Mehrabi that the papers were directed to DAB and that he was being served with these papers in [his] capacity as a member of DAB's Supreme Council. Dr. Mehrabi was also provided with a USB drive containing digital copies of the motion papers, for ease of transferring the files.

And, in an abundance of caution, until DAB appears, the Doe Creditors may continue to supplement their service on DAB in alternate ways, and seek the Court's approval, or pre-approval, of those methods. Given that service on DAB has been accomplished, however, Doe Creditors do not believe that the Court should direct any further form of service at this time for DAB.

Finally, as is the case with the Taliban, Doe Creditors ask the Court to stay cognizant of the unique factual situation at hand. First, the Taliban control Da Afghanistan Bank, so much so that Da Afghanistan Bank is the Taliban's alter ego. *See Doe* Dkt. 82-1 Expert Declaration of Alex B. Zerden. Second, as noted above, the Taliban have made it impossible to provide notice or service through any normal channels on an entity within Afghanistan. Third, DAB and the Taliban are keenly aware of these proceedings. Any failure to appear is a choice made by the Taliban.

## IV.    Conclusion

In light of the foregoing, Doe Creditors respectfully request that the Court allow 21 days for the Doe Creditors to effectuate service on the Taliban through an alternative means, and to present it to the Court for acceptance. Should Doe Creditors fail, they request that they publish notice in one major publication, 21 to 30 days hence.

Dated: March 21, 2022

Respectfully submitted,

**do Campo & Thornton, P.A.**
150 S.E. 2nd Avenue, Ste. 602
Miami, Florida 33131
(305) 358-6600

s/ *Orlando do Campo*
Orlando do Campo
Bar Code: OD1969
od@dandtlaw.com

s/ *John Thornton*
John Thornton *(pro hac vice)*
jt@dandtlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ *Orlando do Campo*
Orlando do Campo