**do Campo & Thornton, P.A.**                                        ATTORNEYS AT LAW

CHASE BANK BUILDING
150 S.E. SECOND AVENUE • SUITE 602
MIAMI, FLORIDA 33131
PH 305 358 6600 • FAX 358 6601
DANDTLAW.COM

March 30, 2022

**VIA CM/ECF**
Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *John Does 1 Through 7 v. The Taliban et al.*, No. 20 Misc. 740 (GBD)(SN);
            *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(SN)

Dear Judge Netburn:

      Counsel for John Does 1-7 ("Doe Creditors") write to supplement their Memorandum of Law in Support of Doe Creditors' Motion for and Order Directing Alternative Service Upon the Taliban (*Doe* Dkt. 84) (the "Service Memorandum"), and provide an update on their notice efforts. Upon consideration of this supplement and update, Doe Creditors respectfully request that the Court move forward with the adjudication of Doe Creditors' turnover motion, and not withhold adjudication of the Doe Creditors' proceedings due to any outside concerns, including, as the Court has described it, "the morass of the MDL". *See* Transcript of Hearing held on February 22, 2022, p. 34.

      As is reflected in the Affidavit of Process Server (*Doe* Dkt. 84), and as we informed the Court in the Service Memorandum, Doe Creditors served notice upon Da Afghanistan Bank via service on Dr. Shah Mehrabi on March 20, 2022.

      Further, as they informed the Court they would do, Doe Creditors did not stop there, but have also delivered a copy of the Notice of Motion for Turnover of Assets from Garnishee Federal Reserve Bank of New York, in both English and Pashto languages, along with a description of the communication, to Da Afghanistan Bank via its Twitter account. *See Doe* Dkt. 90.

      Doe Creditors likewise have provided this same notice to two Taliban officials by "tagging" them on the communication to Da Afghanistan Bank. *See Doe* Dkt. 91. And, by separate communication, Doe Creditors directly noticed these senior Taliban members, as well as two others, through a Twitter communication directed to them. *Id.* [1]

---

[1] As the Certificate of Service provides, the following four Taliban officials were provided with notice via their current Taliban "government" Twitter accounts:

The Court should keep in mind that Doe Creditors are not asking the Court to enter judgment against any person. (Judgment against the Taliban has already been entered, of course). Rather, this proceeding is a *quasi in rem* proceeding against assets held at the Federal Reserve Bank of New York. *See Caballero v. Fuerzas Armadas Revolucionarias De Colombia*, No. 2:20-cv-07602-JWH, 2021 U.S. Dist. LEXIS 247623, at *27-28 (C.D. Cal. Dec. 29, 2021) ("the Court concludes that it has *quasi in rem* jurisdiction over this action, pending a final determination of whether [the alleged agency/instrumentality] is an agency or instrumentality of the [terrorist judgment debtor]. As such, the Court need not exercise or establish personal jurisdiction over Da Afghanistan Bank in order to hold that the assets at issue are subject to TRIA execution. *Id.* (Holding that the Court need not exercise personal jurisdiction over the alleged agency/instrumentality of the terrorist judgment debtor).

And, because this is not a matter of establishing personal jurisdiction, Rule 4 of the Federal Rules of Civil Procedure, which provides for the service of the "Summons" necessary to accompany a complaint and thereby establish such personal jurisdiction, is not implicated here. It follows that Rule 4(j)(i)'s mandate – that a Summons directed to an agency of a foreign state be served according to 28 U.S.C. § 1608, which in turn provides specifically for service "of the summons and complaint" – is likewise not implicated.

Thus, once the Court determines that notice in satisfaction of N.Y. C.P.L.R. § 5225(b) has been achieved, such that the interested parties have been apprised of their opportunity to be heard, adjudication of the turnover motion may proceed. The question now before the Court is whether the unique forms of notice that Doe Creditors have achieved satisfy N.Y. C.P.L.R. § 5225(b), or whether the Court requires that Doe Creditors do more. Doe Creditors stand ready, if necessary, to further brief this question. In the meantime, Doe Creditors will inform the Court should they receive any response from the Taliban or Da Afghanistan Bank.

---

<u>Zabiullah Mujahid</u>: Zabiullah Mujahid holds the official Taliban "government" Twitter account. He is a senior Taliban official who previously served as the spokesman for the Taliban. Following the Taliban's takeover of Afghanistan in August 2021, on September 7, it was announced that Mujahid will serve as the deputy minister of information and broadcasting of the Taliban's "government" in Afghanistan.

<u>Dr. Mohammad Naeem Wardak</u>: Dr. Mohammad Naeem Wardak is the current Taliban "government" spokesperson in the Qatar office. He has served the Taliban in Qatar since 2013, when the Taliban's first political office opened there and has been in charge of strategic and foreign relations.

<u>Qari Yousaf Ahmadi</u>: Qari Yousaf Ahmadi is one of two Taliban "government" spokesmen, the other being Zabiullah Mujahid. Qari Yousaf Ahmadi has been a spokesperson for the Taliban since 2006, when he reached out to different news outlets to offer Taliban messages about Afghanistan.

<u>Suhail</u> Shaheen: Suhail Shaheen is currently the Taliban "government's" permanent representative-designee to the United Nations. Prior to this post, Shaheen was the Taliban's second Secretary and Deputy Ambassador of the Afghanistan embassy in Pakistan. He was also the Taliban's Doha/Qatar official political spokesperson.

Respectfully submitted,

Orlando do Campo
Bar Code: OD1969
Do Campo & Thornton, P.A.
Chase Bank Building
150 S.E. 2nd Avenue, Suite 602
Miami, Florida 33131
Counsel for John Does 1 through 7