```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON                                    03-MD-01570 (GBD)(SN)
    SEPTEMBER 11, 2001                                           ORDER

-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

> John Does 1 through 7 v. The Taliban et al., No. 20-mc-740
> Havlish v. Bin Laden, No. 03-cv-9848

Four entities request to file amicus curiae briefs related to the pending turnover proceedings targeting assets of Da Afghanistan Bank (the "DAB Funds"). The first request is from four Afghan civil society organizations (the "Civil Society Brief"). ECF No. 7896.[1] The second is from Unfreeze Afghanistan, an organization dedicated to assisting Afghans following the U.S. withdrawal from Afghanistan (the "Unfreeze Afghanistan Brief"). Havlish v. Bin Laden, No. 03-cv-9848 ("Havlish"), ECF No. 617. The third is from Peaceful Tomorrows, a group of families of victims of the September 11th Attacks "who have come together to turn their sorrow into a vision for peace and nonviolent solutions to international conflict" (the "Peaceful Tomorrows Brief"). ECF No. 7899 at 2. The fourth is from Naseer A. Faiq, who reports that he currently heads the Permanent Mission of the Islamic Republic of Afghanistan to the United Nations (the "Faiq Brief"). ECF No. 7903.[2]

---

[1] Unless otherwise noted, all ECF citations are to 03-md-1570.

[2] In speeches to the United Nations, Mr. Faiq reports that he does not purport to represent the deposed government of Afghanistan, but the Afghan people generally. ECF No. 7903-1 at 6. His proposed amicus

The Court grants the requests to submit the Civil Society Brief, the Unfreeze Afghanistan Brief, and the Faiq Brief (collectively the "Afghan Amici"). The Peaceful Tomorrows Brief is, however, not appropriate as an amicus brief given that a number of its members are parties in this multidistrict litigation who are advancing a contradictory position.

"There is no governing standard, rule or statute 'prescrib[ing] the procedure for obtaining leave to file an amicus brief in the district court.'" Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc., No. 12-cv-7935 (ALC), 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (quoting Onandaga Indian Nation v. State of New York, No. 97-cv-445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997)) (alterations in original). Thus, "the decision to grant leave to file a brief [as an] amicus curiae is in the firm discretion of the court." Greenpoint Mortg. Funding, Inc., at *1.

Participation as an amicus curiae is appropriate when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," Sec. & Exch. Comm'n v. Ripple Labs, Inc., No. 20-cv-10832 (AT), 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (quoting Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007)), and when such participation does not "initiate, create, extend, or enlarge issues," Lehman XS Tr., Series 2006-GP2, 2014 WL 265784, at *2 (quoting Waste Mgmt. of Pennsylvania, Inc. v. City of York, 162 F.R.D. 34, 36 (M.D. Pa. 1995)).

The Court has already granted leave for the Women's Forum on Afghanistan to file a two-page letter as an amicus brief based on an analysis of these factors. ECF No. 7823. A similar analysis counsels in favor of accepting the briefs of the Afghan Amici. The Court has already

---

brief does not suggest, nor does the Court imply, that he is the recognized representative of any government of Afghanistan.

noted that the adjudication of rights to the DAB Funds could have a profound impact on the Afghan people and Afghan civil society. There is no recognized Afghan government that can protect these interests on a unified basis. See ECF No. 7661 at 34. The sole document offering perspective on those interests right now is the two-page letter from the Women's Forum on Afghanistan. Submissions from a cross-section of amici who have worked in Afghanistan or on behalf of the Afghan people and who are not already parties provides a valuable perspective that the Court would not otherwise have. The Court's preliminary review of these briefs does not suggest that these submissions will add new issues to the adjudication of the pending turnover motions or enlarge and extend existing ones. Rather, these briefs provide an alternative perspective on the existing question of whether the DAB Funds may be subject to turnover. To the degree the Court has any concerns about the expansion of the issues before it, the plaintiffs in Havlish and Does 1 through 7 ("Doe") are prepared to respond to these briefs. ECF No. 7913 at 2.

    This same analysis does not support accepting the Peaceful Tomorrows Brief. The Havlish Plaintiffs state that 17 of 44 members of Peaceful Tomorrows are before the Court as parties in various member cases. They may also be participating in agreements that, if successful, would result in awards from the DAB Funds. ECF No. 7902 at 1. While the Court does not know which individuals may be participating in private agreements on the DAB Funds, it has identified apparent Peaceful Tomorrows members represented by attorneys arguing that plaintiffs are entitled to the DAB Funds. This contradicts the position taken by the Peaceful Tomorrows Brief. As numerous members of Peaceful Tomorrows are already before the Court and at least some would be advancing positions contrary to their proposed amicus brief, the Court declines to accept the Peaceful Tomorrows Brief.

The Court has now accepted four amici briefs on the pending turnover motion. Any further potential amici briefs must be filed with the Court by April 29, 2022. The Havlish Plaintiffs and Doe Plaintiffs may each file a single reply brief of up to 20 pages addressing any arguments raised by the briefs of the Afghan Amici or any subsequent briefs by May 13, 2022. Alternatively, the Havlish and Doe Plaintiffs may file a single joint brief of up to 25 pages.

The motions of the Afghan Amici are GRANTED. The Clerk of the Court is respectfully directed to grant the motions at ECF Nos. 7896 and 7903, and the related motions at ECF Nos. 616 and 620 in Havlish, No. 03-cv-9848, and ECF Nos. 101 and 103 in Doe, No. 20-mc-740. The Clerk of the Court is respectfully directed to deny the motion at ECF No. 7899, and the related motion at ECF No. 618 in Havlish, No. 03-cv-9848, and ECF Nos. 102 in Doe, No. 20-mc-740.

**SO ORDERED.**

Dated: April 27, 2022
       New York, New York

SARAH NETBURN
United States Magistrate Judge